J-S60014-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH MARTIN HOLLOWAY | |
| Appellant | No. 569 MDA 2014 |

Appeal from the Judgment of Sentence February 27, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0000327-2012

BEFORE:  OTT, J., STABILE, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                      **FILED FEBRUARY 05, 2015**

John Martin Holloway appeals from the judgment of sentence imposed on February 27, 2014, in the Court of Common Pleas of Lancaster County, following the revocation of his probation.  Holloway contends the court's imposition of an aggregate term of three to ten years' imprisonment for his probation/parole violation was excessive and unreasonable.  Based upon the following, we affirm.

On September 11, 2012, Holloway pleaded guilty to one count of criminal trespass, one count of theft by deception, and one count of criminal attempt – theft by deception.[1]  The trial court sentenced Holloway to an

---

[1] 18 Pa.C.S. §§ 3503(a)(1)(ii), 3922(a)(1), 901(a), respectively.

aggregate sentence of time served to 23 months' imprisonment, followed by three years' probation.[2]

On October 13, 2013, a *capias* was issued, alleging that Holloway violated the terms of his supervision by missing four appointments with his probation officer, failing to report for a scheduled drug test, and admitting to the use of cocaine. An order amending the *capias* was filed on October 21, 2013, stating an additional violation of the terms of his supervision in that he received new criminal charges of false identification and disorderly conduct.

On January 15, 2014, following a hearing at which Holloway stipulated to violating his probation/parole,[3] the trial court found that a violation occurred, and revoked Holloway's probation and parole. On February 27, 2014, Holloway was sentenced to an aggregate term of three to ten years' imprisonment.[4]

---

[2] On the criminal trespass count, the court imposed a split sentence of time served to 23 months' imprisonment, followed by three years' probation. The court imposed a concurrent term of two years' probation on each count of theft by deception.

[3] The written stipulation stated, *inter alia*, that Holloway "has violated his/her probation and/or parole," and "the [c]apias is incorporated into the record." Probation/Parole Violation Stipulation, dated 1/19/2014.

[4] On the criminal trespass count, the court terminated Holloway's parole and imposed a three to ten year sentence of imprisonment. The court imposed a concurrent term of two years' probation on each count of theft by deception.

In this appeal, Holloway argues that the sentence imposed upon revocation of probation/parole was manifestly excessive and contrary to the fundamental norms of the sentencing process. As such, Holloway is challenging the discretionary aspects of his revocation sentence. In this regard, we note:

> [A] challenge to the discretionary aspects of a sentence is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781.
>
> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

*Commonwealth v. Colon*, 102 A.3d 1042, 1043 [2014 PA Super 242 at *19–*20] (Pa. Super. 2014) (citations omitted).

Here, Holloway preserved his discretionary aspects of sentencing challenge in a timely motion to modify sentence, filed within 10 days of sentencing, and a timely appeal, filed within 30 days of the sentence.[5] *See*

---

[5] Holloway also complied with the court's order to file a Pa.R.A.P. 1925(b) statement.

Pa.R.Crim.P. 708(E). Holloway has also included in his brief a concise statement pursuant to Pa.R.A.P. 2119(f). **See** Holloway's Brief at 8–9. Furthermore, Holloway maintains that this case presents a substantial question, and in support cites 42 Pa.C.S. §§ 9721(b) and 9771(c). **See id.** at 8. Specifically, Holloway asserts that "[i]n imposing a sentence of three to ten years incarceration, the court violated the provisions of 42 Pa.C.S. § 9771, and failed to consider the non-violent nature of Mr. Holloway's violation as well as his strong need for drug and alcohol treatment." **Id.** at 9.

Upon review, we find Holloway's argument that a substantial question exists in this case based upon Section 9721(b) fails to raise a substantial question in this case. As the Pennsylvania Supreme Court has recently opined, "the revocation court is not cabined by Section 9721(b)'s requirement that 'the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.'" 42 Pa.C.S. § 9721. **Commonwealth v. Pasture**, ___ A.3d ___, ___ [2014 WL 7392242, at *5] (Pa. December 29, 2014). **See also Commonwealth v. Reaves,** 923 A.2d 1119, 1129 (Pa. 2007), *citing* 204 Pa. Code. § 303.1(b) (Sentencing Guidelines do not apply to sentences imposed as result of revocation of probation).

However, we conclude Holloway's latter claim, that the court violated the provisions of 42 Pa.C.S. § 9771(c), does present a substantial question. **See Commonwealth v. Malovich**, 903 A.2d 1247, 1253 (Pa. Super. 2007)

(finding claim that court imposed total confinement without considering or discussing the mandatory factors of 42 Pa.C.S. § 9771 presented a substantial question).

Holloway claims that the three to ten year sentence of imprisonment for a non-violent violation of parole and probation was manifestly excessive in that the court failed to consider his strong need for drug rehabilitation, his completion of the Two-One drug and alcohol program at Lancaster County Prison, his acceptance into the Potter's House re-entry program, and his employment. Specifically, Holloway argues: "Considering Mr. Holloway's significant drug addiction and his hardworking and non-violent nature, the Court failed to consider the benefit Mr. Holloway would have received from a lesser period of incarceration and being paroled to either the Potter's House or an inpatient rehabilitation facility." Holloway's Brief, at 12.

The principles that guide our review are as follows:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment — a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Simmons***, 2012 PA Super 262, 56 A.3d 1280, 1283-84 (Pa. Super. 2012).

> In determining whether a sentence is manifestly excessive, the appellate court must give great weight to the sentencing court's discretion, as he or she is in the best position to measure factors such as the nature of the

> crime, the defendant's character, and the defendant's display of remorse, defiance, or indifference.
>
> *Commonwealth v. Mouzon*, 2003 PA Super 249, 828 A.2d 1126, 1128 (Pa. Super. 2003).
>
> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). "[U]pon revocation [of probation] ... the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence." However, 42 Pa.C.S.A. § 9771(c) provides that once probation has been revoked, a sentence of total confinement may only be imposed if any of the following conditions exist:
>
> > (1)    the defendant has been convicted of another crime; or
> >
> > (2)    the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
> >
> > (3)    such a sentence is essential to vindicate the authority of the court.
>
> 42 Pa.C.S.A. § 9771(c).
>
> "In addition, in all cases where the court resentences an offender following revocation of probation ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant." *Commonwealth v. Cartrette*, 2013 PA Super 325, 83 A.3d 1030, 1040-1041 (Pa. Super. 2013) (internal quotations omitted); 42 Pa.C.S. § 9721(b). "A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Crump*, 995 A.2d at 1282-1283.

*Colon, supra* at 1043-44 [2014 PA Super 242 at \*22–\*24].

In the present case, the court explained the basis of its sentencing decision as follows:

> At sentencing, the Court listened to both the comments of [Holloway] and the arguments of Counsel. (N.T.PV. 2-5). While listening to Defense Counsel's arguments, the Court was made aware of and took into consideration numerous factors concerning [Holloway's] background and responsibilities prior to committing the aforementioned crimes (N.T.PV. 2-4). Defense Counsel provided the Court with information pertaining to [Holloway's] education (N.T.PV. 2), [Holloway's] good rapport with his place of employment (N.T.PV. 3), the circumstances surrounding [Holloway's] relapse as a drug addict (N.T.PV. 3), as well as [Holloway's] completion of the two one program (N.T.PV. 3-4).
>
> The Court noted on the record multiple factors that cause substantial concern:
>
>> *"The fact of the matter is you have a criminal history record as an adult which consists of 19 pages in this presentence report. As the summary attached to the violation — or the capias in this case indicates, it's your 16th overall violation [], it's your 25th appearance in Lancaster County Court.*
>>
>> *You are someone who, it's clear to me, has no real interest in complying with whatever rules and regulations the Adult Probation folks have tried to impose on you in order to get you to be more compliant with the rules of society.*
>>
>> *I believe that a substantial extended period of incarceration is the only opportunity you're going to have to take advantage of any programs to get your life on a different path than it's been on, at least from what I can tell, for decades."* (N.T.PV. 6-7).
>
> Further, the Court noted the fact that it read the presentence report in detail as well as the character statements of [Holloway]. (N.T.PV. 6). The Court properly considered all of the

above factors and fashioned an individualized sentence appropriate for [Holloway].

Trial Court Opinion, 5/23/2014, at 2–3.

Based on our review, we find that the trial court properly justified its sentence on the record. Furthermore, the record supports the trial court's implicit determination that, given Holloway's long criminal history and many opportunities for rehabilitation, and his present failure to comply with the rules and regulations of his supervision, "the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned" and "such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c)(2), (3).

Accordingly, we find no basis upon which to disturb the three-to-ten year sentence of imprisonment imposed upon Holloway following probation revocation. Therefore, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2015